AUGUSTA HOLTHOFF, Plaintiff, *v.* EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

City Court of the City of New York, Special Term, Kings County, July 26, 1945.

*Samuel D. Antopol* for plaintiff.

*Leo D. Fitzgerald* for defendant.

JOYCE, J. Plaintiff has served a summons on the defendant herein requesting judgment in the sum of $3,000 and defendant appears. Plaintiff moves before me for an order directing one Patrick Neary to appear and testify as a material witness concerning the occurrence on December 12, 1944, when Gustave Holthoff was struck by a subway train at the 191st Street Station and asks for the production of all records, papers and reports in his possession or under his control relating thereto. Plaintiff desires this examination for the purpose of framing her complaint.

The action herein is to recover an amount additional to the face amount on a life policy which defendant agreed to pay upon receipt of due proof that insured's death resulted from an accident.

Neary is not employed by defendant but is a motorman and in the employ of the City of New York. When a representative of plaintiff approached Neary for a statement of the occurrence the latter is alleged to have stated: " If you want any informa-

tion see the Corporation Counsel.'' Plaintiff claims because of Neary's statement as well as his attitude and demeanor he is and will be a hostile witness and this brings her within the special circumstances clause of section 288 of the Civil Practice Act.

Defendant herein submits with other papers an affidavit by Neary denying any hostility and that he is available and will appear at the trial in answer to a subpœna.

I appreciate the predicament the plaintiff finds herself in, but the law is well established that a witness cannot be examined before trial without showing '' special circumstances ''. Neary is an employee of a municipal corporation not a defendant herein and his referring an inquirer to the corporation counsel for information concerning an accident — and by the way there was no allegation that he witnessed same — denotes care on his part rather than hostility. Even if it developed he were a hostile witness it would not be sufficient for the granting of the relief prayed for unless it were further shown that he would testify falsely upon the trial.

Motion denied, without prejudice to any right plaintiff may have in the premises. The complaint shall be served within two days after entry and service of order hereon.